IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN M. CONNELLY,

        Plaintiff,                    No. 2:12-cv-0195 WBS CKD P

    vs.

SCOTT HEATLEY, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff brings the complaint against ten named defendants, eight of whom are CDCR medical officials and staff. As to the remaining two defendants, K. McClean is a Health Care Appeals Coordinator, and D. Foston is Chief of Inmate Appeals at CDCR. Plaintiff alleges that, between 2009 and 2012, defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. He also alleges that he was retaliated against for filing grievances about his lack of medical treatment, in violation of the First Amendment. (Dkt. No. 1 ("Cmplt.") at 4-5.)[1] The court will address these claims in turn.

A. Deliberate Indifference

Plaintiff describes a long and varied history of health problems. These include "the Hepatitis C Virus ["HCV"], Chronic Obstructive Pulmonary Disease with Asthma ["COPD"], spinal disease [both disc and joint degenerative disease] . . . , Gastro disorder,

---

[1] Citations to page numbers refer to numbers assigned by the court's docketing system.

3

arthritis, urological disorder, Human Papalumo Virus ["HPV"], severe mental confusion from advanced liver disease, podiatry deformities, old injuries." (Id. at 5.) He also recounts "genital lesions" (id., ¶ 23); "trouble swallowing and notable weight loss" (id., ¶ 29); a pustular sore on his right nostril, which he believes to be "a sign of skin cancer which runs in his family" (id., ¶ 32); a "family history of heart issues, lymphoma, arthritis, cancer"; "collapsing arches with sharp heel and ball pain"; "knee, hip and back pain" (id., ¶ 33); an injury sustained from a fall from a second-story landing while in military service in the 1970s; an injury to his right side sustained in 1984 while changing a tractor tire; [n]umerous other injur[ies] as a young person"; "lumbar spine instability with severe pain at times causing plaintiff to fall"; and "numbness in extremities" (id., ¶ 37).[2]

Plaintiff alleges that defendants have been deliberately indifferent to his numerous medical needs. For example, in July 2011, defendant Dr. J. Soltanian "deflected all medical care" and instead referred plaintiff to mental health treatment. (Id., ¶¶ 23-24.) Defendant Dr. Kim has been indifferent to "severe toxicity" in plaintiff's blood, which plaintiff believes to be the result of chemotherapy treatment for Hepatitis C, and "staunch[ly] refus[ed] to do a physical diagnostic search for root causes versus mental health issues." (Id., ¶ 26.) In July 2010, defendant K. Todd "declared she was taking plaintiff's cane, orthopedic shoes, and ADA accommodations of lower tier/lower bunk" and "downgrad[ed] plaintiff's long history of painful injuries[,] ailments, and arthritis to 'minimal.'" (Id., ¶ 27.) When plaintiff notified defendants Dr. Fong and Dr. Heatley in November 2011 that Dr. Soltanian and Todd were "denying plaintiff medical care" for his many conditions, these defendants "refuse[d] to intervene or investigate," but rather allowed plaintiff's grievance to be processed by defendant McClean "as a regular health care appeal." (Id., ¶¶ 33-34.) In December 2011, McClean denied plaintiff's appeal,

---

[2] While the court maintains a paper copy of the complaint for its review, the version listed on the docket as Dkt. No. 1, in PDF format, is missing pages numbered by plaintiff as 15-17, apparently due to a docketing error. See Cmplt. at 17-18.

4

"making a physical medicine ailment suddenly a mental health issue[.]" (Id., ¶ 36.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate

\\\\\

indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Here, it is not clear which if any of plaintiff's numerous alleged medical problems rises to the level of a "serious medical need."  As to whether defendants were deliberately indifferent to any such need, the overwhelming impression from the complaint and its attachments is that plaintiff simply disagrees with CDCR medical staff about the severity of his symptoms and what kind of medical treatment, if any, is appropriate.  For example, records attached to the complaint indicate that in August 2010, plaintiff was examined by Dr. Soltanian, who found plaintiff's condition "unremarkable." (Id., Attachment at 63.)  In her May 2011 first-level appeal response to plaintiff's request to be classified as mobility impaired, defendant McClean stated:

> You were seen for this issue by Physician Assistant ["P.A."] Akintola, P.A. Todd and Dr. Soltanian, and they all agree that at this time physical examinations and health care chart reviews do not support the need for you to be referred to the podiatrist.
> . . .
>
> Your request for arch and ankle support in orthopedic boots or shoes is denied.  It was determined there currently is not indication that it is medically necessary as set forth in Title 15 that you require orthopedic shoes/boots or inserts.

(Id., Attachment at 41.)  In a Director's Level Appeal Decision issued in February 2010

6

concerning plaintiff's claims of medical indifference, defendant Foston advised plaintiff that "[i]t is not appropriate to self-diagnose medical problems and expect a clinician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he was not afforded appropriate care is not supported by the medical records and professional health care staff familiar with his history." (Dkt. 1-1 at 35.)

Even construing the complaint and its attachments in the light most favorable to plaintiff, the court finds that plaintiff has not alleged that any defendant's actions rose to the level of deliberate indifference under the Eighth Amendment standard set forth above. The court will therefore dismiss these claims with leave to amend.

B. Retaliation

Plaintiff also claims that defendants retaliated against him "for filing grievances over lack of medical care[.]" (Cmplt. at 4; see ¶ 50.) He alleges that defendant Todd "berat[ed]" him "in connection with [an] inmate grievance." Plaintiff claims this "has the appearance of retaliation by K. Todd for the grievance." (Id., ¶ 30.)

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, plaintiff has not alleged a cognizable retaliation claim against any named defendant. Todd's alleged statements to plaintiff do not rise to the level of a constitutional harm, and other defendants' handling of plaintiff's medical complaints appear unrelated to any protected conduct by plaintiff. Issuing a decision on an inmate appeal with which an inmate disagrees does not, by itself, constitute unlawful retaliation.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

7

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1         3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: June 21, 2012

                                        _____
                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

2 / conn0195.B